IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONIQUE LYNNETTE LUSK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-05-1358 |
| | § | Criminal Action No. H-00-179-01 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

ORDER

Pending before the Court are Petitioner Monique Lynnette Lusk's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Civil Document No. 1, Criminal Document No. 128) and the United States of America's Motion for Summary Judgment (Criminal Document No. 133). After considering the motions, submissions, and applicable law, the Court determines Monique Lusk's motion should be denied and the United States' Motion for Summary Judgment should be granted.

BACKGROUND FACTS

On March 29, 2000, the grand jury returned a three-count indictment in the United States District Court for the Southern District of Texas, Houston Division, charging Monique Lynnette Lusk ("Lusk") with: (1) conspiracy to commit bank fraud

and making a false statement, in violation of 18 U.S.C. § 371; (2) bank fraud and aiding and abetting, in violation of 18 U.S.C. § 1344; and (3) false statement, in violation of 18 U.S.C. § 1014. Lusk appeared before the Court and pled guilty to bank fraud, count two of the indictment, on June 2, 2000. Pursuant to Lusk's plea agreement with the United States, Lusk waived all rights to appeal, including collateral attacks via § 2255, except for any sentencing departure not requested by the United States. In return for her plea of guilty to count two, the United States dismissed counts one and three of the Indictment. On November 16, 2000, the Court sentenced Lusk to a term of 37 months imprisonment followed by a term of three years supervised release. The Court also imposed a $1,000 fine and a $100 special assessment.

Lusk's supervised release term began on August 9, 2002, following her release from prison. In late 2003, while still on supervised release, Lusk made a false statement to obtain credit in violation of the Texas Penal Code. She was arrested and charged by Harris County Precinct 5 Constables on September 5, 2003. Although the Texas offense constituted a violation of the terms of her supervised release, Lusk failed to report the violation to her probation officer within 72 hours of her arrest. Moreover, after her arrest, Lusk submitted a report to her probation officer indicating she had not been questioned by any law enforcement officer and she had not been arrested or named as a defendant in any criminal case. The false statement to a probation officer

constituted another violation of the terms of Lusk's supervised release.

On October 28, 2003, Lusk pled guilty to the state felony offense and was sentenced to 180 days in the Texas Department of Criminal Justice-Institutional Division. Upon disposition of the state charge, Texas officials remanded Lusk into federal custody on May 6, 2004. Consequently, on May 18, 2004, Lusk appeared before the Court and admitted she had violated the terms of the supervised release ordered by the Court in conjunction with her federal bank fraud conviction in June 2000. Accordingly, the Court sentenced Lusk to 30 months in the custody of the Bureau of Prisons to be followed by a six month term of supervised release.

On April 18, 2005, Lusk filed the instant motion pursuant to 28 U.S.C. § 2255. Lusk's single contention in her motion is that the Court should correct the judgment and give Lusk credit for the 180 days she spent in the custody of the State of Texas for violating Texas law. On May 18, 2005, the United States responded to Lusk's motion and contemporaneously filed its Motion for Summary Judgment. The United States asserts that Lusk may not collaterally attack her sentence because of the plea agreement. Alternatively, the United States argues Lusk's claim should be dismissed because it is not cognizable under § 2255.

## STANDARD OF REVIEW

Errors that are of a constitutional or jurisdictional magnitude may be addressed under 28 U.S.C. § 2255, but only if such errors could not have been raised by a direct appeal. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). Moreover, the threshold for a petition to vacate, set aside, or correct a sentence under § 2255 is a "significantly higher hurdle" than would be required on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). This requirement demands that the petitioner show "cause" excusing the failure to directly appeal and "actual prejudice" resulting from the claimed errors. *Id.* at 167; *see also United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995). Moreover, a defendant must satisfy the cause and actual prejudice test even when asserting a fundamental constitutional error. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)(en banc) (citing *Murray v. Carrier*, 477 U.S. 478, 493 (1986)). However, this "high hurdle" is removed in the "extraordinary" case where an innocent person has been wrongly convicted.

## LAW AND ANALYSIS

A. *Whether Lusk's Plea Agreement Waives Her Right to File a §2255 Motion*

The United States first contends that Lusk waived the right to appeal or collaterally attack her sentence by entering into a plea agreement on June 2, 2000. Indeed, Lusk's plea agreement waived her right to attack her sentence through any post-conviction proceeding including a § 2255 motion. According to the United States

4

Court of Appeals for the Fifth Circuit, "An informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Generally, guilty pleas and appellate waivers are upheld when such agreements are "entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000). Lusk does not contest the validity of the plea agreement or waiver. Furthermore, Lusk makes no allegation that she failed to comprehend the terms of the plea agreement or that she involuntarily agreed to such a waiver.

Indeed, during the rearraignment on June 2, 2000, the Court ascertained that Lusk fully understood and voluntarily approved of the waiver. Lusk testified in open court that she was neither coerced nor threatened into pleading guilty, and she agreed to abide by the consequences of the plea agreement. "Solemn declarations in open court carry a strong presumption of verity." *Wilkes*, 20 F.3d at 651,653. Lusk's plea agreement and waiver are "formidable barrier[s]" to her collateral attack on the sentence. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Whereas Lusk waived the right to appeal, this Court may presume that her conviction is both fair and final. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Therefore, the Court determines Lusk's waiver bars relief under § 2255, and she is bound by her plea agreement. The Court will nevertheless discuss Lusk's single substantive claim.

B.  *Whether Lusk's Claim for Jail Credit Is Cognizable Under § 2255*

The United States next argues that Lusk's claim is not cognizable under a §  2255 proceeding.  Lusk asserts the time she spent in the custody of the State of Texas should be credited toward her federal sentence.  In other words, Lusk asks the Court to credit the 180 days she spent in jail for making a false statement to obtain credit in violation of the Texas Penal Code toward the 30 months the Court imposed for violating the terms of her supervised release.

A petitioner may be granted relief under § 2255 if she can establish one of four grounds:  (1) [her] sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum imposed by law; or (4) the sentence is otherwise subject to collateral attack.  *Seyfert*, 67 F.3d at 546.  Here, Lusk's motion does not allege that she is entitled to relief under grounds two, three, or four of the statute.  Rather, Lusk ostensibly argues that failure to give her credit for time in state custody is cognizable under § 2255 because it violates her Eighth Amendment rights.[1]

To show an Eighth Amendment violation, the Court examines:  (1) whether the conditions of confinement shock the Court's conscience; (2) whether the sentence

---

[1] The Court assumes that Lusk's assertion refers to the prohibition against "excessive punishment" found within the Eighth Amendment.  U.S. CONST. amend. VIII.  However, Lusk fails to elaborate on this allegation.

imposed is grossly disproportionate to the offense; or (3) whether the sentence imposed offends evolving notions of decency." *Cerrella v. Hanberry*, 650 F.2d 606, 607 (5th Cir. 1981). Simply put, a sentence will not be held to be excessive in violation of the Eighth Amendment if it is within the statutory range for the charged offense. *Id*. at 606.

Here, Lusk's sentence does not constitute an Eighth Amendment violation on any of the above three grounds. First, the conditions of Lusk's confinement do not shock the Court's conscience. In fact, the record shows the Court made sentencing recommendations with Lusk's best interests in mind. Second, Lusk's sentence is not disproportionate to the offense because she violated the terms of her supervised release. Lusk's present confinement is directly proportionate to the crime she committed. Furthermore, Lusk understood the possibility that she could be sent back to prison if she did not abide by the conditions of her supervised release. Lusk could have received a maximum sentence of five years for violating the terms of her supervised release. However, the Court imposed a 30 month prison term for Lusk's infractions pertaining to her supervised release. Thus, Lusk's current sentence does not violate the Eighth Amendment because it is well below the maximum sentence of five years. Therefore, the Court concludes Lusk fails to demonstrate an Eighth Amendment violation.

Finally, the Court notes that Lusk is not entitled to credit for time served in state

custody because "no authority exists for the granting of federal prison credit for time served in state custody on an unrelated charge prior to a federal charge or federal detainer." *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). Moreover, failure to give credit for incarceration in another jurisdiction for an unrelated offense is not actionable under § 2255. *Id*. Therefore, the Court concludes Lusk's presentence credit claim merits no relief under § 2255. Given the foregoing, the Court hereby

ORDERS that Monique Lynnette Lusk's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Civil Document No. 1, Criminal Document No. 128) is DENIED. The Court further

ORDERS that the United States' Motion for Summary Judgment (Criminal Document No. 133) is GRANTED.

SIGNED at Houston, Texas, on this 19th day of July, 2005.

_____
DAVID HITTNER
United States District Judge